DAVID GOTZION, Chairman, Cosmetology Examining Board
My opinion has been requested on whether students attending a school of cosmetology, who have complied with all of the course work requirements of sec. 159.08, Stats., but who have not received their diplomas because of failure to meet their financial obligations to the school, can be prevented from taking the board's operator examination.
Section 159.06 (1), Stats., provides in part:
 ". . . All applicants for examination shall complete the requirements necessary to obtain a license, other than the examination, before being eligible for such an examination." *Page 114 
Section 159.08 (4), Stats., which was enacted in 1973, provides that an operator's license shall be issued to one "who has successfully completed an apprenticeship as prescribed by s. 159.12, or who has graduated from the course prescribed by s. 159.02 in a registered school of cosmetology" and who has passed an examination conducted by the Department of Health and Social Services, predecessor to the Cosmetology Examining Board in administering ch. 159, Stats.
Prior to 1973, the statute provided that an operator's license should be issued to one who had "completed 2 years as a registered apprentice," or "completed the course prescribed by section 159.02 in a registered school of cosmetology."
The past practice of the board has been to admit to the examination persons who have successfully completed the prescribed course of study, but whose diplomas have been withheld by the school for failure of the student to meet his or her financial obligations to the school.
The question is whether such a procedure may be continued in light of the change in the law requiring "graduation" rather than "completion" of the course prescribed. The answer depends upon the meaning of the word "graduated" to be used in interpreting the statute.
The word "graduated" is not defined in ch. 159 or in the board rules promulgated in accordance with the provisions of that chapter. Webster's Seventh New Collegiate Dictionary gives the following primary definitions of the verb "graduate":
 ". . . 1: to grant an academic degree or diploma to 2: to admit to a particular standing or grade . . . ."
The first definition implies a formal granting of the degree or diploma; the second a recognition of a particular standing or grade. The underlying concept in both definitions is the attainment of a given level of knowledge or proficiency. The question here is whether the legislature used the word "graduation" in its formal sense or whether it used the word to denote a level of skill and proficiency.
A close reading of sec. 159.08 (4), Stats., both before and after its 1973 alterations, suggests that what the legislature had in mind was not the mechanical issuance of the diploma. Rather, the *Page 115 
diploma is an assurance that the applicant for an operator's license has acquired knowledge and practical expertise in line with board standards for the practice of cosmetology.
The statute before 1973 required only that applicants "complete" the prescribed course, and contained no standards for measuring the adequacy of the applicant's performance during the course. "Graduation," in contrast, logically denotes successful
completion of the course as recognized by the school.
Support for this position can be found in the legislature's treatment of the apprenticeship alternative to the prescribed course of study. Under the pre-1973 version of sec. 159.08 (4), the applicant need only have "completed 2 years as a registered apprentice." The present law requires him to have "successfully
completed an apprenticeship as prescribed by s. 159.12." (Emphasis added.)
Moreover, the situation you have described, in which a school withholds a diploma because an otherwise qualified student has failed to meet his or her financial obligations to the school, illustrates the doubtful relation of a literal diploma requirement to the purpose of the statute. If the purpose of the examination is to limit the practice of cosmetology to persons trained and knowledgeable in the field, refusal to allow an applicant to take the examination could not be justified by lack of a diploma when the lack is based upon failure to meet financial obligations to the school.
This consideration is underscored by the fact that, in the case of privately owned schools, a literal diploma requirement would allow these private profit-making entities to effectively deny Wisconsin citizens the opportunity to pursue a lawful and useful calling for which they are otherwise qualified. The licensure of cosmetologists is an exercise of the police power of the state, undertaken to protect the health, safety and welfare of the state's citizens. Denial for failure to meet financial obligations would serve the pecuniary interest of the school instead and be tantamount to making the state a collections agent for the school. Adequate remedies are available to the schools through normal collections procedures. I would observe as a practical matter that working graduates are more likely to be able to pay such obligations. *Page 116 
In conclusion, it is my opinion that the term "graduated" as used in sec. 159.08 (4), Stats., means the successful completion of the prescribed course of study at a registered school, and that a diploma issued by the school is not the only permissible proof of this accomplishment. Therefore, when a diploma is withheld for failure of the student to meet financial obligations to the school, such applicant for an operator's license may nevertheless be allowed to take the board's examination upon a showing that he or she has successfully completed the required course of study.
BCL:GBS:WHW